Michael A. ZIMMERMAN, Connie Jo Zimmerman, BBC Properties, Inc., and Governors Club Professional Center, LLC, Defendants–Below, Appellants,

v.

CUSTOMERS BANK, formerly known as New Century Bank, Plaintiff–Below, Appellee.

No. 668, 2013.

Supreme Court of Delaware.

Submitted: May 28, 2014.

Decided: June 10, 2014.

As Revised: June 12, 2014.

Peter K. Schaeffer, Jr., Esquire, Avenue Law, Dover, Delaware, Attorney for Appellants.

Richard M. Beck, Esquire, Sally E. Veghte, Esquire, Klehr Harrison Harvey Branzburg, LLP, Wilmington, Delaware, Attorney for Appellee.

STRINE, Chief Justice:

## I. Introduction

This appeal arises out of the entry of a judgment by confession against the defendants, Michael A. Zimmerman and Connie Jo Zimmerman, by the Superior Court. The Zimmermans argue that the Superior Court erred in two ways. First, the Zimmermans argue that they were residents of Florida at the time the document authorizing judgment by confession was executed, and that—because the plaintiff, Customers Bank, did not file the affidavit that 10 *Del. C.* § 2306(c) and Superior Court Civil Rule 58.1(a)(3) require to be filed before the prothonotary can enter judg-ment by confession against a non-resi-dent—the entry of judgment by confession against them was barred by § 2306(c) and Rule 58.1. Second, the Zimmermans ar-gue that the Superior Court erred in find-ing that they had knowingly, intelligently, and voluntarily waived their right to notice and a hearing before judgment was en-tered against them.

Although the Zimmermans are correct that § 2306(c) and Rule 58.1(a)(3) require the plaintiff to file an affidavit before the *prothonotary* can enter a judgment by confession against a defendant who was not a resident of Delaware at the time the document authorizing judgment by confes-sion was executed, there is no such re-quirement for a judgment by confession that is entered by the Superior Court it-self. In fact, 10 *Del. C.* § 2306(h) specifi-cally permits the Superior Court to adopt its own rules governing the entry of judg-ment by confession by the Superior Court itself, and the implementing rule, Superior Court Rule 58.2, does not require the affi-davit specified in § 2306(c). Because the judgment by confession in this case was entered by the Superior Court, and all of the requirements of Rule 58.2—which gov-erns judgments by confession that are en-tered by the Superior Court—were satis-fied, Customers Bank's failure to file the affidavit that would have been required by Rule 58.1 if the prothonotary had entered the judgment by confession is not a reason for reversal. Furthermore, as required by Rule 58.2, the Superior Court held a hearing at which the Zimmermans ap-peared and where they had the opportuni-ty to present evidence and arguments on the question of whether they had know-ingly, intelligently, and voluntarily waived their right to notice and a hearing before judgment was entered against them. Af-ter the hearing, the Superior Court issued an opinion finding that the Zimmermans

had knowingly, intelligently, and voluntarily waived their rights, and only then entered judgment by confession against the Zimmermans. Because that finding was supported by the record, we affirm the Superior Court's entry of judgment by confession against the Zimmermans.

## II. Background

In 2006, the Zimmermans obtained two separate commercial loans, totaling $602,163.30 and $1,558,792.95 respectively, from Eagle National Bank, the predecessor in interest to Customers Bank. It is undisputed that the Zimmermans later defaulted on these loans and entered into a forbearance agreement on June 21, 2011 (the "Forbearance Agreement"). Paragraph 22 of the Forbearance Agreement provided:

> **WARRANT OF ATTORNEY TO CONFESS JUDGMENT** BORROWERS AND SURETY EACH IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ANY CLERK OF ANY COURT OF RECORD, UPON THE OCCURRENCE OF AN EVENT OF DEFAULT UNDER THIS AGREEMENT OR THE LOAN DOCUMENTS, TO APPEAR FOR AND **CONFESS JUDGMENT** AGAINST EACH AND ALL OF THEM FOR SUCH SUMS AS ARE DUE AND/OR MAY BECOME DUE ON ANY OF THE LIABILITIES ... [1]

The Forbearance Agreement contains forty paragraphs. This paragraph is one of only two paragraphs that are in all capital letters and is the only paragraph in the Forbearance Agreement with a bold header.

In addition to the Forbearance Agreement, the Zimmermans each executed a Disclosure for the Confession of Judgment acknowledging that the Confession of Judgment provision in the Forbearance Agreement had been called to their attention, that they understood that the provision permitted Customers Bank to enter judgment against them without notice or opportunity for a hearing, and that the waiver of the right to notice and a hearing was knowing, intelligent, and voluntary.[2] The Forbearance Agreement also provided that all notices, requests, demands, and other communications were to be sent to the Zimmermans at an address in Dover, Delaware with a copy sent to their attorney.[3]

Based on the Warrant of Attorney to Confess Judgment in the Forbearance Agreement, Customers Bank filed a complaint and supporting affidavit in the Superior Court seeking the entry of a judgment by confession against the Zimmermans by the prothonotary under Superior Court Civil Rule 58.1. The Zimmermans opposed the entry of a judgment by confession and a hearing was held before the Superior Court on September 27, 2013. At that hearing, the Zimmermans argued, among other things, that at the time the Forbearance Agreement was executed they were residents of Florida and that Customers Bank had not complied with the requirements for entry of judgment by confession against a non-resident under Rule 58.1. The Zimmermans also argued that they did not knowingly, intelligently, and voluntarily waive their right to notice and a hearing before judgment could be entered against them. After deliberating on the hearing record, the Superior Court issued a formal opinion on November 22, 2013 holding that the Zimmermans' waiver of their right to notice and a hearing had

---

1. Appendix to Opening Br. at A15.

2. Appendix to Answering Br. at B21–24.

3. Appendix to Opening Br. at A17.

been knowing, intelligent, and voluntary, and entered judgment by confession against the Zimmermans in the amounts of $602,163.30 and $1,558,792.95.[4]

### III. Analysis

The Zimmermans' first argument, that Customers Bank failed to comply with the requirements of 10 *Del. C.* § 2306(c) and Superior Court Civil Rule 58.1(a)(3), occupied the bulk of oral argument and has a confusing quality. Section 2306 of Title 10 of the Delaware Code provides that a judgment by confession may be entered by the prothonotary if certain procedures are used. As to defendants who were not residents of Delaware at the time the document authorizing the confession of judgment was executed, to have a judgment by confession entered by the prothonotary under 10 *Del. C.* § 2306(c), the plaintiff must file an affidavit executed by the defendant which (i) states the sum of money for which judgment may be entered, (ii) authorizes entry of judgment in the Superior Court of Delaware in and for a specific county, (iii) states the defendant's contact with Delaware, and (iv) includes the mailing address and residence where the defendant would most likely receive mail. Superior Court Civil Rule 58.1(a)(3) provides that: "In the case of a debtor who was a nonresident at the time of the execution of the document,· the plaintiff shall also file the affidavit required by 10 *Del.Code* § 2306(c)."

The Zimmermans listed an address in Dover, Delaware as the address where they would like all notices under the Forbearance Agreement to be sent, and they never notified Customers Bank that they would like to change that address or argued that they received inadequate notice under the Forbearance Agreement. In fact, at oral argument, their counsel admitted that he voluntarily accepted service for them. Nonetheless, the Zimmermans argued to the Superior Court that they were residents of Florida at the time they executed the Forbearance Agreement and that Customers Bank had therefore not complied with the requirements of § 2306(c) and Rule 58.1(a)(3) because Customers Bank did not file the § 2306(c) affidavit. The Superior Court acknowledged in its opinion that the Zimmermans had raised this argument, but never addressed it.[5]

Section 2306 and Rule 58.1 address the situation where a judgment by confession is entered by the prothonotary. But § 2306 and the Superior Court Civil Rules also provide for the entry of judgment by confession by the Superior Court itself, rather than by the prothonotary. Section 2306(h) provides:

> In addition to the procedure herein set forth, the Superior Court may adopt rules for confession of judgments by defendant-obligor in open court; provided, however, the debtor is afforded a judicial determination on the question of whether he or she has understandingly waived any of his or her constitutional rights concerning the entry of judgment and the right to execution thereon.

The Superior Court adopted such a rule when it adopted Rule 58.2. Rule 58.2(a) provides that:

> A judgment by confession may be entered in open court by the Superior Court either for money due or to become due, or to secure the obligee against a money contingent liability, or both, on the application by the obligee or assignee of a bond, note or other obli-

---

**4.** *Customers Bank v. Zimmerman,* 2013 WL 6920558 (Del.Super. Nov. 22, 2013).

**5.** *Id.* at \*2–3.

gation containing a warrant for an attorney-at-law or other person to confess judgment.

The language of Rule 58.2(a) expressly contemplates entry of a judgment by confession by the Superior Court based on an obligation that contains a warrant for an attorney-at-law to confess judgment. A warrant for an attorney to confess judgment is a written instrument "addressed to one or more attorneys, or clerks of court ... authorizing them, generally to appear in some specified court or in any court, on behalf of the person giving it, and there to confess judgment in favor of some particular person therein named, in an action of debt." [6]  Paragraph 22 of the Forbearance Agreement is exactly such a warrant for an attorney to confess judgment. That paragraph, titled **"WARRANT OF ATTORNEY TO CONFESS JUDGMENT,"** stated that the Zimmermans empowered "any attorney" to "appear for and confess judgment against" them under the Forbearance Agreement.[7] Thus, Rule 58.2 authorizes the Superior Court to enter judgment by confession on the basis of a warrant for an attorney to confess judgment, like the one in Paragraph 22 of the Forbearance Agreement.

■ Rule 58.2(b) then sets forth the procedures that must be complied with before a judgment by confession can be entered by the Superior Court:

Application for the entry of judgment by confession in open court shall be as follows:

(1) The plaintiff may appear at any motion day as described by Rule 58.1(g)(1), together with the defendant obligor.

(2) A court reporter shall make a record of the proceedings.

(3) The plaintiff shall provide the Court with the following:

(i) A praecipe in the form prescribed by Rule 58.1(a)(1).

(ii) The original document authorizing confession of judgment, together with a completely legible photocopy for the Prothonotary and each defendant obligor against whom judgment is requested.

(4) The plaintiff shall prove:

(i) The genuineness of the obligation, the signature of the defendant obligor against whom judgment is sought and the identity of the defendant obligor appearing in the Court.

(ii) the defendant obligor has effectively waived obligor's constitutional rights concerning the entry of the judgment and the right to execution thereon.

(5) The court shall make such orders as are appropriate including the assessments of costs. Any judgment entered shall be final to the same extent as a judgment entered after a trial.

Neither § 2306(h) nor Rule 58.2 require a plaintiff to file the § 2306(c) affidavit when judgment by confession is entered by the Superior Court. Because the Superior Court itself entered the judgment in this case, rather than the prothonotary, if the procedures that the Superior Court followed complied with Rule 58.2, then there is no harm to the Zimmermans that would justify reversal. Under Rule 58.2(4)(ii), the Superior Court was required to determine whether Customers Bank had proven that the Zimmermans knowingly, intelligently, and voluntarily waived their rights to notice and a hearing. Thus, we address the Zimmermans' second argument—that they did not knowingly, intelligently, and

---

6. Victor B. Woolley's Practice in Civil Actions and Proceedings in the Law Courts in the State of Delaware § 783 (1906).

7. Appendix to Opening Br. at A15.

voluntarily waive those rights—as part of our inquiry into whether Rule 58.2 was satisfied.

The procedures followed by the Superior Court at the hearing on September 27, 2013 satisfied all of the requirements in Rule 58.2. Both Customers Bank and the Zimmermans appeared at the hearing, a court reporter was present and the proceedings were recorded, Customers Bank had provided the Superior Court with both the praecipe described in Rule 58.1(a)(1) and the Forbearance Agreement authorizing confession of judgment, and, most importantly, the Superior Court issued an opinion—after a full hearing where the Zimmermans presented evidence and arguments—holding that Customers Bank had proven that the obligation was genuine and that the Zimmermans had knowingly, intelligently, and voluntarily waived their constitutional rights.

■ On appeal, the Zimmermans argued that the Superior Court erred in concluding that they knowingly, intelligently, and voluntarily waived their rights to notice and a hearing before the entry of judgment. This Court must defer to the Superior Court's findings of fact as long as those facts are sufficiently supported by the record and are the product of an orderly and logical deductive process.[8] The Superior Court's findings—that the Zimmermans (i) knowingly, intelligently, and voluntarily entered into the Forbearance Agreement and (ii) waived their right to notice and a hearing before entry of judg-

ment—were supported by ample evidence in the record.[9] Thus, we affirm the Superior Court's determination that Customers Bank "met its burden in showing that the [Zimmermans] made an effective waiver of their due process rights for the purposes of entering a confession of judgment" on the basis of and for the reasons given in the Superior Court's thoughtful opinion below.[10]

Because the judgment in this case was entered by the Superior Court itself instead of the prothonotary and the requirements of Rule 58.2 were satisfied in full, the Court inquired at oral argument on appeal as to whether the parties had actually proceeded, or could have proceeded, under Rule 58.2, a rule adopted by authorization of § 2306(h). Although counsel seemed surprised by and unsure of the answer to the Court's question regarding the applicability of Rule 58.2, the reality is that the record indisputably demonstrates that the procedures used by the Superior Court satisfied the requirements of § 2306(h) and Rule 58.2.

If the Zimmermans were residents of Florida when the Forbearance Agreement was executed, then the prothonotary would not have been able to enter a judgment by confession against them under Rule 58.1 without the affidavit required by § 2306(c) and Rule 58.1(a)(3). But, because the judgment in this case was entered by the Superior Court, as authorized by Rule 58.2 and § 2306(h), non-compliance with Rule 58.1 is not a reason for reversal. Although

8. *Int'l Telecharge, Inc. v. Bomarko, Inc.*, 766 A.2d 437, 438 (Del.2000) ("[W]e defer to the determination of the trial judge if the findings are supported by the record and the conclusions are the product of an orderly and logical deductive process.").

9. *Customers Bank v. Zimmerman*, 2013 WL 6920558, at *4 (Del.Super. Nov. 22, 2013) (explaining that the (i) that the Zimmermans were represented by an attorney, (ii) that the "Warrant of Attorney to Confess Judgment"

provision in the Forbearance Agreement was "clear, conspicuous, and unambiguous," (iii) that the Zimmermans had prior experience with similar provisions, and (iv) that the Zimmermans were sophisticated business professionals who were likely to understand the implications of the provisions when they signed the Forbearance Agreement).

10. *Id.* at *4

we find that the requirements of Rule 58.2 were satisfied in this case and that any non-compliance with Rule 58.1 is not a reason for reversal, the Superior Court should have addressed the argument raised by the Zimmermans under § 2306(c) and Rule 58.1(a)(3) before entering a final judgment. Had the Superior Court done so, it might have expressly noted that its entry of judgment was under Rule 58.2.

Thus, the final judgment of the Superior Court, effective as of November 22, 2013, is AFFIRMED.[11]

11. In this case, the *only* entry of judgment reflected on the official docket sheet is the entry of final judgment by the Superior Court on November 22, 2013. Under Rule 58.1(c), the prothonotary is directed to enter a tentative judgment when the plaintiff lodges a complaint invoking Rule 58.1. The only possible harm to the Zimmermans from the procedural confusion in this case could have been if the prothonotary entered a tentative judgment that somehow does not appear in the official case docket sheet. In the unusual event that the official docket sheet is inaccurate and an entry under was made by the prothonotary elsewhere, the final judgment shall be effective, at the earliest, as of November 22, 2013, when it was entered by the Superior Court. With the clarity that the final judgment dates back to November 22, 2013 at the earliest, any harm that stemmed from the procedural confusion is remedied entirely.