# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HALEVI ENTERPRISES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N21J-04427 |
| | ) | |
| WAA HOLDINGS, INC., WAA | ) | |
| HOLDINGS, LLC, CARIBBEAN SUN | ) | |
| AIRLINES, INC. d/b/a WORLD | ) | |
| ATLANTIC AIRLINES INC., MIAMI | ) | |
| HOLDINGS, LLC, MIAMI AIR | ) | |
| INTERNATIONAL INC., TIMCO | ) | |
| ENGINE CENTER, INC., ALAN | ) | |
| BOYER, and JOEL PLASCO, | ) | |
| | ) | |
| Defendants. | | |

Submitted: March 13, 2024
Decided: March 19, 2024

## ORDER

Kevin S. Mann, Esq., (Argued), Christopher P. Simon, Esq.,
    Cross & Simon, Wilmington, Delaware
    Counsel for Plaintiff

David B. Anthony, Esq., (Argued), Berger Harris, LLP, Wilmington, Delaware
Brian Gottesman, Esq., Gabell Beavers LLC, Wilmington, Delaware
    Counsel for Intervenor Tomas Romero, and Defendants Caribbean Sun
    Airlines, Inc., and Miami Air International, Inc.

**JOHNSTON, J.**

In this confession of judgment action, the Court held an evidentiary hearing. Certain Defendants failed to appear and the Court entered a default judgment against those Defendants.

### *Apparent Authority*

The first issue is whether Alan Boyer had authority to sign the Senior Secured Promissory Note ("Note"). Boyer identified himself as CEO of Caribbean Sun Airlines Inc. ("Caribbean") and Miami Air Lines International Inc. ("Miami"). Boyer repeatedly identified himself to Plaintiff Halevi Enterprises LLC ("Halevi") as CEO and as an equity holder in Caribbean and Miami. During site visit with Halevi, Boyer had access to all Caribbean and Miami facilities, employees, records and bank accounts. The Court finds that Halevi had no duty to review corporate documents filed with either Delaware or Florida to confirm the authority and status of Boyer.

The evidence during the hearing demonstrated that Boyer lacked actual authority to bind Caribbean or Miami. However, the Court finds that Boyer had apparent authority to sign the relevant loan documents. Halevi reasonably inferred and believed, on the basis of Boyer's conduct and corroborating circumstances, that Boyer was authorized.[1]

---

[1] *See Finnegan Constr. Co. v. Robino-Ladd Co.*, 354 A.2d 142, 144-45 (Del. Super. 1976).

2

### *Confession of Judgment*

This action was initiated by a "Notice of Entry of Judgment by Confession Pursuant to 10 *Del. C.* § 2306 and Rule 58.1 of the Superior Court Civil Rules of the State of Delaware." Rule 58.1(g)(3) provides: "If the debtor appears, a hearing date will be scheduled by the Court. At said hearing the burden shall be on the plaintiff to prove that debtor effectively waived debtor's right to notice and a hearing prior to the entry of judgment against debtor. Costs are to be assessed against the plaintff if plaintiff fails in the proof. Costs are to be assessed against the debtor if judgment is entered against debtor."

During an initial hearing on Halevi's petition to confess judgment, Defendants requested an evidentiary hearing. Defendants now argue that Rule 58.2 - Entry of judgment by confession in open court - controls the proceedings. Thus, the obligation upon which the judgment is based must "contain[] a warrant for an attorney-at-law to confess judgment."[2] The Affidavit Pertaining to Confession of Judgment by Non-Resident Pursuant to 10 *Del. C.* § 2306 ("Affidavit") in this case does not contain a warrant for an attorney to confess judgment.

---

[2]*See Zimmerman v. Customers Bank*, 94 A.3d 739, 743 (Del. 2014).

The Court finds that this judgment action is governed by Rule 58.1, not the additional procedural requirements of Rule 58.2. The case was initiated pursuant to Rule 58.1 and the evidentiary hearing was held as contemplated under Rule 58.1(g)(3).

Defendants further argue that the Affidavit is not legally enforceable. The Note underlying the loan has an integration clause and does not provide for confessed judgment as a remedy.

Halevi counters that by its terms, the integration clause is limited to the Note itself. However, the Note is only one of several documents required to close the loan transaction (two security and pledge agreements, several guarantees, Stock Purchase Agreement ("SPA"), Affidavit, Certification of Beneficial Owners of Legal Entities, and various corporate documents). The SPA contains a confession of judgment provision.

The Court finds that the integration clause in the Note does not prevent the other transaction documents from being considered in determining the rights and obligations of the parties with regard to the underlying loan. The relevant loan documents were signed either before funds were transferred, or the next day. The agreement to confess judgment in the SPA was obtained in exchange for consideration. Therefore, the Affidavit is enforceable. As a result of apparent authority, Caribbean and Miami agreed to confess judgment and waived any otherwise

available due process rights. The Affidavit is sufficient to cure the absence of a specific confession of judgment provision in the Note, and is in compliance with Rule 58.1 and 10 *Del. C.* § 2306.

### *Amount of Judgment*

The face amount of the Note is $7,000,000. Over two days, Halevi wired $3,725,000 in loan funds to Defendant WAA Holdings, Inc. ("WAA"), and $350,000 to third-party brokers. No additional funds were advanced.

Halevi asserts that the funds that were wired to WAA were provided to Miami. It is undisputed that shortly after funds were wired to WAA, $5,000,000 was wired to Miami. Defendants contend that there is no evidence that the loan funds were the source of the transferred $5 million.

The Court finds that circumstantial evidence supports the reasonable inference that the loan funds were wired by WAA to Miami. The timing is more than coincidental and there was no contradictory evidence.

The Court finds that Halevi has proved by a preponderance of the evidence, against the remaining Defendants, entitlement to a judgment in the principal amount of funds actually advanced - $3,725,000 to WAA and $350,000 to third-party brokers- totaling $4,075,000, plus interest, fees and costs as set forth in the loan documents.[3]

**IT IS SO ORDERED.**

/s/ *The Honorable Mary M. Johnston*
The Honorable Mary M. Johnston

---

[3]The amount of the default entered against the non-appearing Defendants is in the principal amount of $8,891,413.53, plus pre-judgment interest accrued through May 25, 2022 of $7,779-219.63, plus post-judgment interest accruing from and after May 245, 2022 at the legal rate of 7.25% on principal.